# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

SARAH LEE GOSSETT PARRISH,       )
                                 )
        Plaintiff,              )
                                 )
vs.                              )    NO. CIV-15-0913-HE
                                 )
ARVEST BANK,                     )
                                 )
        Defendant.              )

## ORDER

According to the complaint, plaintiff Sarah Lee Gossett Parrish ("Parrish") is a customer of defendant Arvest Bank ("Arvest") who has one or more accounts with Arvest. Parrish has filed this suit against Arvest on behalf of herself and all others similarly situated, alleging that Arvest deliberately sequences its transaction processing to maximize the bank's collection of fees for overdraft service or non-sufficient funds, to the detriment of its customers. Based on this, Parrish asserts seven claims:[1] (1) actual fraud, (2) constructive fraud, (3) false representation/deceit, (4) violation of the Oklahoma Consumer Protection Act, 15 Okla. Stat. § 751 et seq., (5) breach of fiduciary duty, (6) breach of contract, and (7) unjust enrichment. Arvest has moved to dismiss all of these claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

When evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and views them in the light most favorable to the plaintiff as the nonmoving party. S.E.C. v. Shields, 744 F.3d 633, 640 (10th

---

[1] The complaint purports to assert an eighth claim for punitive and exemplary damages, but that is not a separate cause of action.

Cir. 2014). Generally, the complaint need only present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must, however, contain "enough facts to state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 555 (2007). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Shields, 744 F.3d at 640 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

Some claims, however, are subject to the pleading requirements of Rule 9(b), which requires a party alleging fraud or mistake to "state with particularity the circumstances constituting fraud or mistake." Although the claimant may generally allege the other party's state of mind in connection with the fraud or mistake, the complaint must still "set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof." Toone v. Wells Fargo Bank, N.A., 716 F.3d 516, 522 (10th Cir. 2013).

The complaint alleges that Arvest provides ATM and check cards for customers to use in drawing on their accounts through point-of-sale transactions, and that it allows customers to complete electronic fund transfers and other banking activities through Arvest's website and mobile banking technology. It generally alleges that Arvest represents to its customers, through marketing materials and customer agreements, that these transactions post to customer accounts in the same order in which the transactions are made (i.e.,

2

chronologically). The complaint further asserts that Arvest represents to customers that they can rely on the account information reflected on the bank's website or accessed by phone in determining whether they have sufficient funds for debit transactions.

However, according to the complaint, transactions are actually posted to accounts in batches by transaction type at the end of each day, and those batches are deliberately sequenced so that transaction types with larger median amounts are debited earlier than smaller amounts. The complaint further alleges that, as a result, accounts incur more fees for overdrafts or for having insufficient funds (collectively, "Overdraft Fees") than would be the case if the transactions were posted in chronological order.

The first four claims in the complaint are for actual fraud, constructive fraud, deceit, and violation of the Oklahoma Consumer Protection Act (OCPA). Each of them rely on some form of alleged fraud and are hence subject to the pleading requirements of Rule 9(b) referenced above.

The complaint generally alleges that Arvest made false representations by "stat[ing] to its customers that it would only apply [Overdraft Fees] when a customer overdrew his or her account and had insufficient funds in his or her account," and by representing that their reported account balances would be accurate. The complaint also asserts that Arvest made false representations in its standard Electronic Fund Transfers Agreement by stating debit card transactions would be applied to accounts "each time" the card is used instead of in batches at the end of the day. Further, the complaint states that Arvest made misrepresentations by stating in marketing and promotional materials that customers can

avoid fees by "immediately record[ing]" each transaction they make. Id.

General allegations like those involved here are insufficient to state a claim under Rule 9. Some of the alleged representations do not even arguably constitute a <u>false</u> representation such as might be a basis for a fraud claim. For example, advice to customers that they can minimize fees by immediately recording transactions in their own records is not only self-evidently accurate but, more importantly for present purposes, represents nothing about the way the bank books the transactions. A statement that a transaction will be posted "each time" a card is used does not say or imply that the posting will be instantaneous. Other allegations in the complaint assert fraud, but do so only in conclusory fashion, and are not specific representations sufficient to meet the heightened pleading standard of the rule. See <u>Jensen v. America's Wholesale Lender</u>, 425 F. App'x 761, 763 (10th Cir. 2011) (requiring more to satisfy Rule 9(b) than general allegations of a defendant's "pattern and practice" of harming plaintiff through false representations). Moreover, the complaint does not set forth with particularity how Parrish relied on the alleged false representations or how that reliance led to injury. See <u>Olds v. Bank of America N.A.</u>, 573 F. App'x 710, 711 (10th Cir. 2014) (memorandum). Therefore, the claims for fraud, constructive fraud, deceit, and violation of the OCPA will be dismissed for failure to plead them with the particularity required by Rule 9(b), but with leave to amend granted except as to the OCPA claim.[2]

---

[2]*Arvest argues that amendment would be futile, as the claims are preempted by federal law. However, while preemption principles might preclude claims directly challenging the posting order of items or similar matters subject to federal law, those principles do not extend to preempting claims based on false or fraudulent representations about those practices. See <u>Gutierrez v. Wells Fargo Bank, NA</u>, 704 F.3d 712, 726 (9th Cir. 2012). Arvest's argument that the Oklahoma Uniform*

4

As to the OCPA claim, the statute does not extend to "[a]ctions or transactions regulated under laws administered by the Corporation Commission or any other regulatory body or officer acting under statutory authority of this state or the United States . . . ." 15 Okla. Stat. § 754(2). The alleged activity at issue here is part of the business of banking, an activity that is heavily regulated by the Board of Governors of the Federal Reserve System, see 15 U.S.C. § 1693c (Electronic Fund Transfer Act); see also 12 C.F.R. § 205.7 (Regulation E), the FDIC, and state banking authorities. The statute's "regulated activity" exemption is therefore applicable and bars plaintiff's OCPA claim. In light of that legal conclusion, amendment of the complaint as to that claim would be futile.

Plaintiff's fifth claim alleges Arvest breached its fiduciary duty to plaintiff and its other customers by its conduct. Under Oklahoma law, the relationship between a bank and its customer is that of debtor and creditor. Beshara v. S. Nat'l Bank, 928 P.2d 280, 288 (Okla. 1996). The relationship between a bank and its customer is not viewed as fiduciary in nature unless there is an express written agreement to that effect, 6 Okla. Stat. § 425, or other special circumstances exist which support such a conclusion. Beshara, 928 P.2d at 288. No basis for either exception is alleged here.

As to the sixth claim, the complaint alleges that Arvest breached the contract which was formed when Parrish became a customer of Arvest and enrolled in electronic fund

_____

*Commercial Code, 12A Okla. Stat. § 4-101 et seq., allows posting of items in any order similarly fails to preclude these claims, which are directed to alleged misrepresentations about the posting practices rather than the practices themselves.*

5

transfer service (the "EFT Agreement"). The EFT agreement attached to the complaint imposes on Arvest a contractual duty to provide access to telephone, online, and mobile banking services. It does not include a promise to post transactions in any particular order or to display account balances reflecting transactions posted in a particular order. The complaint asserts that Arvest breached the contract by providing inaccurate account balances, but it is not apparent what makes the balances inaccurate. Plaintiff's argument is essentially that an "accurate" balance is only one which reflects instantaneous posting of transactions. But the agreement promises no such thing and there is no apparent reason for concluding that transactions posted by size or by some other batching process result in balances that are other than "accurate" for purposes of the agreement.

Plaintiff also asserts a claim for unjust enrichment. Unjust enrichment results from a party's retention of a benefit that, "in equity and good conscience, it should not be allowed to retain." Harvell v. Goodyear Tire and Rubber Co., 164 P.3d 1028, 1035 (Okla. 2006). In other words, a party seeking to recover for unjust enrichment must show "enrichment to another, coupled with a resulting injustice." City of Tulsa v. Bank of Oklahoma, N.A., 280 P.3d 314, 319 (Okla. 2011) (internal citation and quotation marks omitted).

Here, Parrish alleges that Arvest collected Overdraft Fees as a result of banking practices that were "unfair, unconscionable, and oppressive." Doc. No. 17, at 18. However, the complaint does not state a plausible basis for inferring that defendant's conduct meets that standard. As noted above, there is no basis alleged for concluding that Arvest breached its contract with its customers by the challenged practices, nor is there a basis stated for

6

treating its representations as to those practices as fraudulent.  There is no basis alleged for finding a fiduciary duty between the parties that Arvest's conduct has arguably violated.  Finally, there is no basis alleged for concluding that Arvest's procedures are contrary to applicable regulations or customary banking practice.  In these circumstances, an unjust enrichment claim is not stated.

For the reasons indicated, the motion to dismiss [Doc. No. 30] is **GRANTED** and plaintiff's claims are **DISMISSED**.  As the deficiencies in the claims other than the OCPA claim are potentially subject to being remedied by amendment, plaintiff is granted leave to file an amended complaint within **twenty-one (21) days** addressing the deficiencies if she can do so.

**IT IS SO ORDERED**.

Dated this 14th day of July, 2016.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE